UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EVA MARTINEZ POWLESS,

    Plaintiff,

v.                                                  Case No: 24-CV-1671

                                                     JURY TRIAL DEMANDED

MILWAUKEE AREA
TECHNICAL COLLEGE,

    Defendant.

## COMPLAINT

Plaintiff Eva Martinez Powless, by and through her attorneys, Summer Murshid and Chris Donahoe of Hawks Quindel, S.C., hereby states her Complaint against Defendant Milwaukee Area Technical College.

### NATURE OF THE CASE

Plaintiff Eva Martinez Powless was a member of the leadership cabinet team at Milwaukee Area Technical College ("MATC") from 2021 up until her termination on April 15, 2024. She was originally hired as MATC's first-ever Vice President of Diversity, Equity and Inclusion. On September 29, 2023, she received a promotion and beganto serve as the Interim Vice President of Enrollment & Retention. Dr. Martinez Powless is Latina, and at all times relevant, she was the only Latina and immigrant member of MATC's leadership cabinet team.

After formally complaining that her direct supervisor was engaging in illegal discrimination against another colleague, Dr. Martinez Powless was fired. MATC did not first issue Dr. Martinez Powless any intervening discipline, nor was Dr. Martinez Powless informed about the nature of the allegations against her.

Dr. Martinez Powless brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, seeking reinstatement at MATC, in her same, or a substantially similar, position, back pay, compensatory, punitive damages, and attorney's fees and costs for MATC's violations of Dr. Martinez Powless's right to equal employment, and unlawful discriminatory and retaliatory employment practices against her. MATC's discriminatory, retaliatory and otherwise unlawful conduct was knowing, malicious, willful and wanton and/or showed reckless disregard for Dr. Martinez Powless, and has caused and continues to cause her to suffer substantial economic and non-economic damages, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* (the "ADA").

2. Venue in the District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the unlawful employment practices alleged herein.

## PARTIES

3. Eva Martinez Powless is an adult resident of the State of Wisconsin.

4. Defendant MATC is a public vocational-technical and community college based in Milwaukee, Wisconsin at 700 W. State Street, Milwaukee, Wisconsin 53233.

## CONDITIONS PRECEDENT

1. All conditions precedent to the institution of this lawsuit have been fulfilled.

2. Prior to the filing of this Complaint, Dr. Martinez Powless filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by Defendant.

3. On October 7, 2024, Dr. Martinez Powless received a Notice of Right to Sue from the EEOC.

## FACTUAL BACKGROUND

4. Dr. Powless earned her Masters and Doctorate at Marquette University.

5. At all times relevant, she had 17 years of experience working in higher education—at Marquette and then MATC—in the fields of admissions and enrollment, student affairs, multicultural outreach, intercultural engagement, and diversity, equity, and inclusion.

6. She has earned certifications in coordination of Title IX and race, diversity, and equity in higher education.

7. She is Latina and bilingual (Spanish and English).

8. In 2021, MATC hired Dr. Martinez Powless to be its first-ever Vice President of Diversity, Equity, and Inclusion.

9. In September 2023, MATC offered Dr. Martinez Powless a promotion to serve as the Interim Vice President of Enrollment and Retention, and Dr. Powless began serving in that role in October.

10. As VP of Enrollment and Retention, she was supervised by Phillip King, the Executive Vice President for MATC.

11. Dr. King is White.

12. In her new role, Dr. Martinez Powless supervised multiple individuals.

13. One of Dr. Martinez Powless' direct reports, who is a black female, had in place a reasonable accommodation to work from home full-time at the time Dr. Martinez Powless began her new role. This employee shall be referred to hereinafter as "Employee A."

14. As soon as Dr. Martinez Powless started in her position as VP of Enrollment and Position, Dr. King expressed to Dr. Martinez Powless that he wanted Employee A to return to work in-person.

15. Dr. King said that Employee A's prior supervisor had allowed her to do whatever she wanted and it was time for her to get back to work.

16. On or around October 2, 2023, Dr. King told Dr. Martinez Powless that Employee A was difficult to work with.

17. On or around October 4, 2023, Dr. King advised Dr. Martinez Powless to be careful with Employee A because she would fight everything.

18. Dr. King also said that Employee A's "behavior is problematic" and "A lot of people have their hands up … they don't know what to do with her. They don't want to talk to her."

19. Upon information and belief, Ms. Laquitha "Elle" Bonds-Jones had at times prior referred to Employee A as "bad" and "not a good employee."

20. Dr. King asked Dr. Martinez Powless not to be involved in the communications and decisions regarding Employee A's reasonable accommodation, even though Dr. Martinez Powless directly supervised her and was appropriately the individual to evaluate any continued reasonable accommodations.

21. However, on or around October 4, 2024, Counsel for MATC asked Total Rewards Specialist Biana Standa to solicit feedback on Employee A's accommodation from Dr. Powless.

22. Dr. Martinez Powless supported Employee A's ongoing request for a reasonable accommodation to work from home full-time and shared as much in response to the request for her feedback.

23. Additionally, at all times relevant, Dr. Martinez Powless repeatedly pushed back against the remarks and tone from Dr. King and Ms. Bonds-Jones regarding Employee A, which she believed expressed racism and an inappropriate bias against a request for a reasonable accommodation.

24. Almost immediately upon working directly with Dr. King, Dr. Martinez Powless observed a pattern of Dr. King disparaging Black employees. For example, he called one employee a "storyteller" and another a "bad employee."

25. On several other occasions, Dr. King made inappropriate and unprofessional remarks about and/or toward colleagues. For example, in their first one-on-one meeting after Dr. Martinez Powless started her new role, Dr. King asked, "Who is that young African American man who always wears a tie and dresses very nicely?" Dr. King also stated his intention to remove a Black female employee from her current position. He also made inappropriate remarks about two other Black employees during this meeting. Dr. King did not make such remarks about any white employees to Dr. Martinez Powless.

26. Dr. Martinez Powless voiced her objection to these types of comments on multiple occasions to Dr. King and Ms. Bonds-Jones.

27. Ultimately, two employees, including Employee A, filed complaints against Dr. King and other senior leaders.

28. Dr. Martinez Powless supported those employees' complaints and provided relevant documentation to General Counsel Sherry Terrell-Webb.

29. In response to Dr. Powless's ongoing advocacy for Employee A's accommodation and her position against the behavior of Dr. King and Ms. Bonds-Jones, which Dr. Martinez Powless believed was inappropriate, unprofessional, and in violation of MATC policy and the law, Dr. King began a campaign of retaliation against Dr. Martinez Powless.

30. On or around October 2023, he began excluding her from meetings, programming, decision-making, and critical conversations.

31. Dr. King also began excluding her from conversations, emails, and decision-making regarding Employee A's reasonable accommodation, even though

Employee A had requested that Dr. Martinez Powless be present in the meetings and involved in communication.

32. Dr. King consulted Ms. Bonds-Jones privately regarding Employee A's reasonable accommodation, even though Ms. Bonds-Jones, as head of HR, would have overseen any appeal from Employee A regarding a decision on her accommodation request.

33. Dr. Martinez Powless communicated her concerns as these issues arose, and Dr. King and Ms. Bonds-Jones retaliated further. For example, regarding whether to exclude Dr. Martinez Powless from a meeting with Employee A about her reasonable accommodation, on October 2023 Ms. Bonds-Jones emailed Dr. King, President Vicki Martin, and General Counsel Attorney Terrell-Webb: "I'm further concerned that Eva will use this issue and her absence [from the meeting], as she is being undermined as a Latina Vice President …."

34. In a meeting on October 23, 2023, Dr. King questioned Dr. Martinez Powless's loyalty, pressured her to support his decisions, and called her "hard-headed."

35. Dr. King also subjected Dr. Martinez Powless to repeated micro-aggressions, including micro-managing her work, refusing to solicit her feedback on work directly relevant to her role and department, and making condescending and inappropriate remarks such as "have you ever been to therapy or counseling," "do you have any student loans," and "are you Catholic."

36. On October 30, 2023 Dr. Martinez Powless filed an internal complaint against Dr. King, alleging that he had acted in ways that were discriminatory, retaliatory, and unprofessional, including by:

    a. discriminating against an employee on the basis of race and disability;

    b. retaliating against Dr. Martinez Powless because of her support for Employee A's accommodation request and objections to what she believed was an unethical and illegal response to Employee A's accommodation request;

    c. discriminating against Dr. Martinez Powless on the basis of race;

    d. creating a hostile work environment;

    e. discriminating against several MATC employees, including Employee A, on the basis of race; and

    f. retaliating against Dr. Martinez Powless because of her objections to what she believed was unethical and illegal discrimination against those employees on the basis of race.

37. In her complaint, Dr. Powless noted "the pattern of the last seven black and brown executive leaders and their tumultuous tenure at the college."

38. Dr. King responded by filing a retaliatory "counter" complaint against Dr. Powless one week later.

39. Dr. King's retaliation against Dr. Martinez Powless continued on a daily or weekly basis.

40. Specifically, Dr. King continued to exclude her from critical meetings and decision-making, micromanage her work, and treat her in an unprofessional and inappropriate way. For example, in a meeting on January 10, 2024, he raised his voice at Dr. Powless and made false accusations about her work as it related to an audit being completed by Employee A. In December he began requiring that Dr. Martinez Powless meet with him for two hours on a weekly basis when his other direct reports meet with him for only one hour weekly.

41. Dr. Martinez Powless reported this retaliation on multiple occasions and on January 25, 2023 filed an additional formal complaint of retaliation, through an email to Dr. Martin and others.

42. MATC hired Gwendolyn Lewis, an investigator who worked at the same firm as MATC's General Counsel Sherry Terrell-Webb.

43. Attorney Lewis, conducted a dual investigation into Dr. Martinez Powless's and Dr. King's complaints.

44. She did not substantiate any of Dr. Martinez Powless's allegations.

45. She did not find that Dr. Martinez Powless engaged in discrimination, as Dr. King had alleged, but she did substantiate Dr. King's claims that Dr. Martinez Powless was insubordinate, disrespectful, and unprofessional.

46. On April 10, 2024, MATC issued a notice of termination to Dr. Powless, effective April 15, 2024 asserting that Dr. Martinez Powless was being terminated for several reasons, including insubordination and unprofessional and disrespectful conduct.

47. Significantly, one of the reasons cited for MATC's decision to terminate Dr. Martinez Powless was because she supported other employees in their complaints against Dr. King and other senior officials at MATC.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title VII)

48. Dr. Martinez Powless reasserts and incorporates by reference all previous paragraphs set forth herein.

49. MATC has discriminated against Dr. Martinez Powless on the basis of her race and national origin in violation of Title VII by, *inter alia*, denying her the same terms and conditions of employment available to employees who are not Latina and immigrants, including but not limited to subjecting her to disparate working conditions, using bullying and micro-aggressions as common practices in the workplace, micromanaging her to the point that Dr. Martinez Powless could not perform her job duties, and generally denying her the opportunity to work in an employment environment free of unlawful discrimination due to her race.

50. As a direct and proximate result of MATC's unlawful and discriminatory conduct in violation of Title VII, Dr. Martinez Powless has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

51. As a direct and proximate result of MATC's unlawful discriminatory and harassing conduct in violation of Title VII, Dr. Martinez Powless has suffered and continues to suffer, severe mental anguish and emotional distress, including but not limited depression, humiliation, embarrassment, stress and anxiety, loss of self-

esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful discriminatory and harassing conduct constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Dr. Martinez Powless, and was committed with the conscious disregard of Dr. Martinez Powless's civil rights, entitling Dr. Martinez Powless to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

53. Dr. Martinez Powless reasserts and incorporates by reference all previous paragraphs set forth herein.

54. MATC retaliated against Dr. Martinez Powless in violation of Title VII for opposing and/or complaining of MATC's discriminatory practices against herself by, *inter alia*, derogating Dr. Martinez Powless to her colleagues and third parties, using bullying and micro-aggressions as common practices, exclusionary behavior and derisive commentary directed at Dr. Martinez Powless, sabotaging Dr. Martinez Powless's ability to grow in her role, and terminating her employment, all in retaliation for her repeated complaints about discrimination, harassment and a hostile work environment, which Dr. Martinez Powless believed in good faith represented a violation of law.

55. MATC also retaliated against Dr. Martinez Powless in violation of Title VII for opposing and/or complaining of MATC's discriminatory practices against Black employees, including the one using a reasonable accommodation to work from

home by, *inter alia*, derogating Dr. Martinez Powless to her colleagues and third parties, using bullying and micro-aggressions as common practices, exclusionary behavior and derisive commentary directed at Dr. Martinez Powless, sabotaging Dr. Powless's ability to grow in her role, and terminating her employment, all in retaliation for her repeated complaints about discrimination, harassment and a hostile work environment, which Dr. Martinez Powless believed in good faith represented a violation of law.

56. As a direct and proximate result of MATC's retaliatory conduct in violation of Title VII, Dr. Martinez Powless has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

57. As a direct and proximate result of MATC's unlawful and retaliatory conduct in violation of Title VII, Dr. Martinez Powless has suffered and continues to suffer, severe mental anguish and emotional distress, including but not limited depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

58. MATC's unlawful and retaliatory conduct constitutes a willful and wanton violation of Title VII, was outrageous and malicious, was intended to injure Dr. Martinez Powless, and was committed with the conscious disregard of Dr. Martinez Powless's civil rights, entitling Dr. Martinez Powless to an award of punitive damages.

59. MATC's actions throughout the course of Dr. Martinez Powless's tenure as the VP of Enrollment and Retention constitute conduct that has created a hostile work environment comprised of continuing violations of Title VII's prohibition against retaliation.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)

60. Dr. Martinez Powless reasserts and incorporates by reference all previous paragraphs set forth herein.

61. Dr. Martinez Powless participated in the process for reviewing the reasonable accommodation of Employee A, available to her under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

62. Dr. Martinez Powless supported Employee A's reasonable accommodation and aided or encouraged Employee A to exercise her right under the ADA to a reasonable accommodation and a fair interactive process with MATC.

63. MATC retaliated against Dr. Martinez Powless because of her support, aid, and encouragement of Employee A regarding her exercise of rights under the ADA, in violation of 42 USC § 12203(b).

64. Dr. Martinez Powless opposed practices by Dr. King, Ms. Bonds-Jones, and others at MATC, which she believed in good faith violated the ADA.

65. Dr. Martinez Powless repeatedly informed Dr. King, Ms. Bonds-Jones, and others at MATC of her opposition to these unlawful practices regarding Employee A's reasonable accommodation.

66. MATC retaliated against Dr. Martinez Powless because of her opposition to their treatment of Employee A and her reasonable accommodation, in violation of 42 USC § 12203(a).

**REQUEST FOR RELIEF**

WHEREFORE, Dr. Martinez Powless seeks the following relief as provided by law:

A. An Order finding that MATC violated Title VII;

B. An Order finding that MATC violated the ADA;

C. An Order directing MATC to make Dr. Martinez Powless whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. An Order directing MATC to make Dr. Martinez Powless whole by providing compensatory and/or liquidated damages to compensate her for past and future non-pecuniary losses including, but not limited to, emotional pain, suffering, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, inconvenience, and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial;

E. An Order directly MATC to reinstate Dr. Martinez Powless to her same or a substantially similar position;

F. An award of punitive damages;

G. Costs and reasonable attorney's fees in amounts to be determined by the Court in accordance with 42 U.S.C. § 12101, *et. seq.*, and;

H. Such other further legal and equitable relief as the Court may deem appropriate.

Dated: December 30, 2024

Respectfully submitted,

*s/ Summer H. Murshid*
Summer H. Murshid SBN 1075404
Christine A. Donahoe SBN 1092282
*Attorneys for Plaintiff*

**Hawks Quindel, S.C.**
5150 N. Port Washington Road
Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
Email(s):   smurshid@hq-law.com
            cdonahoe@hq-law.com