EVA MARTINEZ POWLESS,

        Plaintiff,

    vs.                                 Case No. 24-CV-1671

MILWAUKEE AREA TECHNICAL
COLLEGE,

        Defendant.

## **DEFENDANT'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant Milwaukee Area Technical College ("Defendant"), by and through the undersigned attorneys, respectfully submits this Brief in support of its Partial Motion to Dismiss Plaintiff Eva Martinez Powless' ("Plaintiff") Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), due to her failure to exhaust administrative remedies.[1]

## **INTRODUCTION**

Plaintiff has filed this lawsuit against her former employer, Milwaukee Area Technical College, for alleged racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and for retaliation under the Americans with Disabilities Act ("ADA"). (Dkt. #1, Compl.) Both Title VII and the ADA require, as a condition precedent, that a plaintiff first

---

[1] Pursuant to Rule 12(a)(4), Defendant is not filing an answer to Plaintiff's Complaint. Even if a motion to dismiss seeks some but not all claims, this motion nevertheless acts as a complete response to the complaint and Defendant is not required to file an Answer to any claim at this time. Fed. R. Civ. P. 12(a)(4); *Brocksopp Eng'g, Inc. v. Bach-Simpson, Ltd.*, 136 F.R.D. 485, 486 (E.D. Wis. 1991) (holding that defendant need not file an answer to any remaining claims where the defendant filed a partial motion to dismiss the complaint); *Brice v. Resch*, No. 10-C-711, 2010 U.S. Dist. LEXIS 124419 (E.D. Wis. Nov. 9, 2010) (holding same).

exhaust their claims with the Equal Employment Opportunity Commission ("EEOC") before bringing such an action in federal court. *See, e.g., Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018). Plaintiff failed to comply with this requirement, which is fatal to Plaintiff's ability to litigate portions of her Title VII claim (i.e., Count I in its entirely) and the entirety of her ADA claim (Count III) in this Court. Therefore, the Court should dismiss the portions of Plaintiff's Complaint which have not yet been administratively exhausted, and which are thus also untimely.

## **BACKGROUND**[2]

### A. Administrative History

Plaintiff filed the EEOC Charge on July 24, 2024. (Dkt. #1, Compl. ¶ 2; Declaration of Devin S. Hayes, Exhibit 1.) In her Charge, Plaintiff checked the boxes for "Retaliation" and "Other – Whistleblower", and did <u>not</u> check the boxes for "race" or "national origin" discrimination. (Hayes Decl. Exh. 1.) In the narrative portion of her Charge (attached via letter and submitted by her lawyer), Plaintiff also wrote the following:

> Complainant asserts that she was discriminated against by her direct supervisor, Phillip King, that she was retaliated against for opposing discrimination in the workplace and that she was wrongfully terminated, all of which violate her rights under **Title VII**.

---

[2] Unless otherwise stated, the Factual and Procedural Background is drawn from the allegations contained in the Complaint (Dkt. #1), which are taken as true for purposes of this Motion only. In deciding whether to grant Defendant's Motion, the Court may consider not only the facts alleged in the Complaint, but also the documents attached as exhibits to the Complaint or incorporated by reference therein. *See, e.g., 188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002); *Naqvi v. Ill. Health & Sci.,* No. 17-3145. 2018 U.S. LEXIS 95784, at *7 (C.D. Ill. June 7, 2018) (taking judicial notice of EEOC Charge and right to sue letter with defendant's motion to dismiss that were incorporated by reference in the plaintiff's pleadings); *Vrana v. FedEx Freight, Inc.*, 638 F. Supp. 3d 927, 930 n.4 (C.D. Ill. 2022)("[t]he Court may properly consider Plaintiff's EEOC Charge on Defendant's motion [to dismiss]"). Because Plaintiff's EEOC Charge is referenced in her Complaint (Dkt. 1, ¶ 2) and central to her claims, including whether she has exhausted all administrative remedies prior to filing her present Complaint, we are attaching Plaintiff's EEOC Charge. (See Hayes Decl., Exh. 1.)

*Id.* (emphasis added). The Charge make no reference to the ADA. (Hayes Decl. Exh. 1.) On October 7, 2024, Plaintiff received a Notice of Right to Sue Letter from the EEOC. (Dkt. #1, Compl. ¶ 3[3]).

**B. Procedural History**

Plaintiff filed this lawsuit on December 30, 2024. Dkt. 1. In Count I of her Complaint, she asserts claims for race discrimination and national origin discrimination under Title VII. *Id.* Though, race and national origin discrimination claims are not mentioned in her EEOC Charge. (Hayes Decl. Exh. 1.) In Count II, she also alleges two retaliation claims under Title VII: one for allegedly opposing discriminatory practices against herself and another for allegedly opposing discriminatory practices against other employees. *Id*. In Count III, she also now asserts a claim for retaliation under the ADA, even though her EEOC Charge makes no reference to "disability" discrimination and/or the "ADA". (Hayes Decl., Exh. 1; *see also* Dkt. #1, Compl. ¶ 2 (confirming the EEOC Charge alleged only "violations of Title VII by Defendant."))

<u>**ARGUMENT**</u>

**A.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) requires a Court to dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require that the "statement" constitute a "showing," rather than a blanket assertion of entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). In addition to providing the defendant fair notice of what the claim is and the

---

[3] This reference refers to paragraph 3 under the heading "Conditions Precedent".

3

grounds upon which it rests, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1216, at 235-36 (3d ed. 2004)).

In considering a Rule 12 motion, a court takes all the facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

**B.      Claim(s) Outside the Scope of the EEOC Charge Must Be Dismissed for Failure to Exhaust Administrative Remedies.**

The portions of Plaintiff's Complaint alleging race discrimination under Title VII, national origin discrimination under Title VII, and retaliation under the ADA should be dismissed because Plaintiff failed to assert such claims in her Charge and, therefore, she has failed to exhaust her administrative remedies.

Before bringing a lawsuit under the Title VII or the ADA, a plaintiff must (1) file a timely charge of discrimination with the EEOC and (2) secure a right to sue letter from the EEOC. *Riley*, 909 F.3d at 189; 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1); see also *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013); 42 U.S.C. § 12117(a) (applying Title VII remedies and exhaustion procedures to the ADA). It is well settled that "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't of Natural Res.,* 413 F.3d 675, 680 (7th Cir. 2005). Put differently, "an aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Id.* (quoting source omitted); *see also Rush v. McDonald's Corp.*,

4

966 F.2d 1104, 1110 (7th Cir. 1992). The purpose of the exhaustion requirement is two-fold: (1) to allow the EEOC and the employer an opportunity to settle the matter through conference, conciliation, and persuasion; and (2) to ensure that the employer has adequate notice of the conduct the employee is challenging. *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). Although the rule is not jurisdictional, it is a condition precedent with which Title VII and ADA plaintiffs must comply. *Fort Bend Cnty. v. Davis,* 587 U.S. 541, 543 (2019).

Though Plaintiff asserts in her Complaint that "All conditions precedent to the institution of this lawsuit have been fulfilled," such an assertion is a legal conclusion that need not be accepted as true for purposes of a motion to dismiss. *Iqbal*, 556 U.S. at 678. Tellingly, in her present Complaint, she further alleges only that she filed a Charge alleging "violations of Title VII" *without any reference to* race or national origin, and does not allege that her Charge included any alleged ADA violations. (See Dkt. #1, Compl. ¶ 2.)

To determine whether federal court allegations fall within the scope of an administrative charge, courts in the Seventh Circuit "look to whether the [federal court] allegations are like or reasonably related to" the charges presented to the EEOC. *Ezell v. Potter,* 400 F.3d 1041, 1046 (7th Cir. 2005). The Seventh Circuit has instructed that "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are <u>not</u> reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994) (emphasis added). Furthermore, while a court will typically read the claims in the "EEOC charge liberally,  because such charges are often initiated by laypersons rather than lawyers. However, where the plaintiff was represented by counsel when the EEOC charge

5

was filed [**as is the case in the present Action**], the argument for liberal construction is weakened." *Chaidez,* 937 F.3d at 1005 n.3 (citation omitted).

Plaintiff, in her Charge, checked two boxes indicating that she was alleging discrimination based on "retaliation" and "other – whistleblower." (Hayes Decl, Exh. 1.) She did <u>not </u>check the boxes for "race," "national origin," or any other protected class to pursue a Title VII discrimination claim. (Id.) Though she did not include any narrative on the Charge itself, she included a letter with her Charge, through her counsel, stating that she was asserting that she was "discriminated against", "retaliated against", and "wrongfully terminated", all of which "**violated her rights under Title VII**. (Id.) (emphasis added).  At best, Plaintiff's Charge can be reasonably read to allege that she believed that she was discriminated against because she faced retaliation, under Title VII, for opposing discrimination in the workplace.

Plaintiff's present Complaint (Dkt. #1) is far more expansive than her Charge. In the Complaint, Plaintiff pursues three causes of action (1) discrimination based upon race and national origin under Title VII, (2) retaliation under Title VII, and (3) retaliation under the ADA.  As noted by the Seventh Circuit, "differences between the claims in [a federal court] complaint and the allegations in the [EEOC] charge cannot be overlooked, even under the liberal standard of pleading applied to allegations in an EEOC charge." *Cheek*, 22 31 F.3d at 502. Out of her three causes of action, only the second is found in the Charge, retaliation in violation of Title VII.

As to her first cause of action, Plaintiff's Charge never provided notice to Defendant that she intended to pursue claims for race or national origin discrimination. She neither checked the provided boxes nor did she state in her narrative that she was asserting such claims. The only basis for discrimination asserted by Plaintiff in her Charge, either on the form itself or its accompanying letter, was discrimination through <u>retaliation</u> under Title VII. Indeed, the "Seventh Circuit has

6

consistently held that claims based on different *kinds* of discrimination than those asserted in the EEOC Charge have *not* been exhausted *Methavichit v. Follenweider,* No. 1:20-CV-02841, 2021 LEXIS 243062, at *15-16 (N.D. Ill. Dec. 2021) (emphasis in original) (*citing Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726-27 (7th Cir. 2003) (plaintiff whose EEOC charge listed only retaliation could not later file a case based on sex discrimination and sexual harassment)); *Vela v. Vill. of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (sexual harassment claim not the same as sex discrimination charge); *Green v. Nat'l Steel Corp.,* 197 F.3d 894, 898 (7th Cir. 1999) (EEOC charge based on disparate treatment did not exhaust plaintiff's remedies on a failure to accommodate claim because "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA"). Accordingly, Count I must be dismissed in its entirety.

As to her third cause of action, Plaintiff's Charge never provided notice to Defendant that she intended to pursue claims under the ADA. Though she did check boxes indicating "retaliation" and "whistleblower", her narrative only identifies such claims under Title VII, not under the ADA. Even more telling, Plaintiff concedes, in her Complaint, that her Charge only alleged violations under Title VII. (Dkt. 1, Compl. ¶ 2 under "Conditions Precedent".) This requires dismissal of any ADA claim. Indeed, this case is very similar to *Scroggin v. Universal Protection. Serv., LLC,* No. 1:24-cv-01270-JEH, 2025 U.S. Dist. LEXIS 229933 (C.D. Ill. Jan. 7, 2025), where—just like in this case—the Plaintiff's EEOC charge alleged retaliation under Title VII and then filed a federal complaint alleging retaliation in violation of the ADA. In *Scroggen*, the court dismissed the ADA charge, explaining that the "two purposes of the administrative exhaustion requirement are not satisfied in this case where the Plaintiff cited an entirely different statute in his federal Complaint from the one in his Charge." *Id,* at *7. To be sure, "Title VII is not the ADA, and more specificity

7

is required to inform the EEOC of the nature of [a plaintiff's] claim." *Id.* (emphasis added) (quoting *Farlin v. Library Store, Inc.*, No. 08-cv-1194, 2010 U.S. Dist. LEXIS 5506, at *16 (C.D. Ill. Jan. 25, 2010)); *see also Anthony-Oliver v. City and Cnty. of S.F.*, No. 23-cv-05209, 2024 U.S. Dist. LEXIS 146781, at *12 (N.D. Cal. Aug. 16, 2024) ("When claims are based on a different theory and a different statute than those set forth in the complaint, there is no adequate notice to the employer of the plaintiff's claims and no exhaustion.") (quoting *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003)).

For these reasons, Counts I, III, and any other claim outside the scope of the EEOC Charge must be dismissed for failure to exhaust administrative remedies.

**C.     Any Time Barred Claims Must Be Dismissed.**

As noted, any ADA or Title VII claim must be filed within 300 days of the alleged unlawful act. 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1); 42 U.S.C. § 12117(a).  Because Plaintiff does not allege that she filed the ADA claim or the race and/or national origin discrimination claim timely with the EEOC within 300 days of the alleged unlawful act, these claims should be dismissed as untimely. To the extent Plaintiff were pursuing a race or national origin discrimination claim or ADA claim related to her alleged termination (notice of termination provided April 10, 2024, Dkt. #1, Compl. ¶ 46), she would have had to file a charge by February 4, 2025, or have amended her July 2024 Charge before she received the October 7, 2024 Notice of Right to Sue Letter.[4]  She does not allege that either occurred. Accordingly, it is appropriate to dismiss these claims with prejudice as any amendment would be futile. *See Scroggin* 2025 U.S. Dist. LEXIS

---

[4] Any claim pertaining to other prior discrete acts would have been filed sooner.

229933, at *9, *see also See Davis v. Lutheran Soc. Servs.*, No. 24-C-479, 2024 U.S. Dist. LEXIS 155329, at *5 (E.D. Wis. Aug. 29, 2024) (recognizing the Seventh Circuit's instruction that the proper remedy for failure to exhaust administrative remedies is to dismiss the suit without prejudice, but reasoning that where a charge with the EEOC would be futile because untimely, the claims would be dismissed with prejudice), appeal dismissed, No. 24-3043, 2025 U.S. App. LEXIS 3439 (7th Cir. Feb. 13, 2025).

For these reasons, these Counts I, III, and any other untimely claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's first and third causes of action and any other unexhausted and/or untimely claim with prejudice, and award other relief to Defendant as appropriate.

Dated: March 14, 2025

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP

By: */s/ Denise L. Greathouse*
Denise L. Greathouse, SBN1055644
dlgreathouse@michaelbest.com
Holly E. Courtney SBN 1089943
hecourtney@michaelbest.com
Devin S. Hayes, SBN1089943
dshayes@michaelbest.com
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: 414.271.6560
Facsimile: 414.277.0656

Attorneys for Defendant
MILWAUKEE AREA TECHNICAL
COLLEGE

9

CERTIFICATE OF SERVICE

I, Denise Greathouse, Esq., hereby certify that on March 14, 2025, I electronically filed the foregoing DEFENDANT'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, thereby causing a copy of this document to be served on the following individuals:

Summer H. Murshid, Esq.
Email: smurshid@hq-law.com
Christine A. Donahoe, Esq.
Email: cdonahoe@hq-law.com
Hawks Quindel, S.C.

**MICHAEL BEST & FRIEDRICH LLP**
Electronically Signed By:

/s/ Denise Greathouse
Denise Greathouse, SBN 1055644
Holly E. Courtney, SBN 1081696
Devin S. Hayes, SBN 1089943
790 N. Water St., Ste. 2500
Milwaukee, WI 53202-3509
Telephone: 414-271-6560
Facsimile: 414-277-0656
E-mail: dlgreathouse@michaelbest.com
E-mail: hecourtney@michaelbest.com
E-mail: dshayes@michaelbest.com

Attorneys for Defendant,
Milwaukee Area Technical College

10